## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 24-CV-23435-RAR

**BASF CORPORATION**,

      Plaintiff,

v.

**O&M AUTO COLLISION, INC.**,

      Defendant.

_____/

### <u>ORDER GRANTING IN PART MOTION FOR DEFAULT FINAL JUDGMENT</u>

**THIS CAUSE** comes before the Court on Plaintiff BASF Corporation's Motion for Default Final Judgment ("Motion") against Defendant O&M Auto Collision, Inc. ("O&M Auto Collision"), filed on December 13, 2024. [ECF No. 13]. Plaintiff filed the Complaint in this action on September 6, 2024, [ECF No. 1], and served Defendant on October 28, 2024, [ECF Nos. 6, 7]. Pursuant to Federal Rule of Civil Procedure 12(a), Defendant was required to file a response or answer to Plaintiff's Complaint by November 18, 2024. FED. R. CIV. P. 12(a). Having failed to do so, the Court entered an Order to Show Cause on November 19, 2024, [ECF No. 9], which required Defendant to file its response or answer on or before November 27, 2024.

Defendant failed to show cause on or before November 27, 2024, and the Court entered an Order Directing Clerk to Enter Default against Defendant O&M Collision. [ECF No. 11]. On December 3, 2024, the Clerk of Court entered default against Defendant, [ECF No. 12], as Defendant failed to appear, answer, or otherwise plead to the Complaint despite having been served. The Court having carefully considered the Motion, the record, applicable law, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Motion is **GRANTED in part** as set forth herein.

## **BACKGROUND**

Plaintiff BASF Corporation ("BASF") is a Delaware corporation with its principal place of business in New Jersey.  Compl., [ECF No. 1] ¶ 1.  BASF is in the business of selling aftermarket paints, refinishes, coating, primers, thinners, and reducers, as well as other related products and materials, for the reconditioning, refinishing, and repainting of automobiles, trucks, and other vehicles (collectively, "Refinish Products").  *See id.* ¶ 4.  Defendant is an auto body shop engaged in the business of reconditioning, refinishing and repainting automobiles, trucks, and other vehicles.  *See id.* ¶ 5.  Defendant is a Florida corporation with its principal place of business in Florida.  *See id.* ¶ 3.

On June 13, 2018, BASF and Defendant entered into a contract for the purchase of BASF's Refinish Products (the "Requirements Agreement").[1]  As part of the Requirements Agreement, Defendant agreed to fulfill one hundred percent of its automotive refinish product requirements exclusively with BASF RM and Glasurit refinish products purchased "from an authorized BASF distributor" up to a minimum purchase requirement of $349,000.00 ("Minimum Purchases").  *See id.* ¶ 12; Declaration of Caroline Cooper ("Cooper Decl."), [ECF No. 13-1] ¶ 4.  In consideration of Defendant's anticipated performance under the Requirements Agreement, BASF paid Defendant $35,000.00 ("Contract Fulfillment Consideration").  Compl. ¶ 10; Cooper Decl. ¶ 5.  According to the terms of the Requirements Agreement, if the agreement was terminated for any reason before Defendant satisfied the Minimum Purchases requirement, Defendant was required to refund to BASF the Contract Fulfillment Consideration according to the following schedule:

| Purchases | Contract Fulfillment Consideration Refund |
|---|---|
| Less than 1/5 of Minimum Purchase | 110% |

---

[1] The Requirements Agreement is governed by Michigan law.  *See* Compl. ¶ 8.

| | |
|---|---|
| Less than 2/5 and greater than 1/5 of Minimum Purchase | 95% |
| Less than 3/5 and greater than 2/5 of Minimum Purchase | 75% |
| Less than 4/5 and greater than 3/5 of Minimum Purchase | 55% |
| Less than 5/5 and greater than 4/5 of Minimum Purchase | 35% |
| After 5/5 of Minimum Purchase | 0% |

*See* Compl. ¶ 12; Cooper Decl. ¶ 6.

According to the facts alleged, on or about April 2021, Defendant breached and ultimately terminated the Requirements Agreement by, among other things, severing its business relationship with BASF and ceasing to purchase BASF Refinish Products prior to fulfilling the Minimum Purchases requirement, as well as failing and refusing to refund the unearned Contact Fulfillment Consideration to BASF. *See* Compl. ¶¶ 13–16; Cooper Decl. ¶ 7.

At the time Defendants breached and terminated the Requirements Agreement, and as alleged in the Complaint, Defendant had purchased $22,822.24 in BASF Refinish Products (less than 1/5 of its Minimum Purchases requirement), leaving a Minimum Purchases requirement balance of $326,177.76 under the terms of the Requirements Agreement, and resulting in Defendant owing 110% of the Contract Fulfillment Consideration, which is $38,500.00, to BASF. *See* Compl. ¶¶ 14–16; Cooper Decl. ¶ 8.

To date, and despite BASF's demands, Defendants have refused to pay BASF for the unearned Contract Fulfillment Consideration and the Minimum Purchases requirement balance. *See* Compl. ¶¶ 14–16; Cooper Decl. ¶ 9. Accordingly, on September 6, 2024, BASF commenced this action against Defendants asserting claims for breach of contract (Count I), unjust enrichment (Count II), and declaratory relief (Count III), and seeking damages in the total amount of

$364,677.76, which consists of $38,500.00 for the unearned Contract Fulfillment Consideration and $326,177.76 for the Minimum Purchases requirement balance. *See generally* Compl.

## LEGAL STANDARD

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, "[a] default judgment may be entered 'against a Defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue.'" *United States v. Fleming*, No. 3:09-CV-153-J-34PDB, 2014 WL 3643517, at \*9 (M.D. Fla. 2014) (quoting *Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986)). Under such circumstances, Rule 55 "sets forth the requirements for entry of a default judgment." *Id.* However, "[a] defendant's default does not in itself warrant the court entering a default judgment." *Chanel, Inc. v. Replicachanelbag*, 362 F. Supp. 3d 1256, 1259 (S.D. Fla. 2019) (quoting *DirecTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004)). "Granting a motion for default judgment is within the trial court's discretion." *See id.* (citation omitted).

Moreover, "[b]ecause the defendant is not held to admit facts that are not well pleaded or to admit conclusions of law, the court must first determine whether there is a sufficient basis in the pleading for the judgment to be entered." *See id.* (citation omitted). Therefore, before granting a default judgment, "the district court must ensure that the well pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).

"If the facts in the complaint are sufficient to establish liability, then the court must conduct an inquiry to ascertain the amount of damages." *PetMed Express, Inc. v. MedPets.Com, Inc.*, 336 F. Supp. 2d 1213, 1217 (S.D. Fla. 2004). However, "Rule 55(b)(2) does not require the district

court to hold either an evidentiary hearing or oral argument on a motion for a default judgment." *Sec. & Exch. Comm'n v. First Fin. Grp. of Texas, Inc.*, 659 F.2d 660, 669 (5th Cir. 1981) (citation omitted). Instead, "Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone . . . [and] no such hearing is required where all essential evidence is already of record." *See S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) (citations omitted).

## <u>ANALYSIS</u>

### I.  *Choice of Law*

At the outset, the Court must determine what law governs Plaintiff's claims. "[A] federal district court sitting in diversity must apply the choice of law rules of the forum state." *Arndt v. Twenty-One Eighty-five, LLC*, 448 F. Supp. 3d 1310, 1315 (S.D. Fla. 2020) (quoting *Clanton v. Inter.Net Glob., L.L.C.*, 435 F.3d 1319, 1323 (11th Cir. 2006)). This is a diversity case and the Court is located in Florida, so Florida choice-of-law rules apply.

The Requirements Agreement provides that it shall be "governed by and construed under the laws of the State of Michigan without regard to principles of conflicts of law." Requirements Agreement, [ECF No. 1-1] ¶ 7; *see also* Compl. ¶ 8. "Generally, Florida enforces choice-of-law provisions unless the law of the chosen forum contravenes strong public policy." *Mazzoni Farms, Inc. v. E.I. DuPont De Nemours Co.*, 761 So. 2d 306, 311 (Fla. 2000); *see also Se. Floating Docks, Inc. v. Auto-Owners Ins. Co.*, 82 So. 3d 73, 80 (Fla. 2012); *Caban v. J.P. Morgan Chase & Co.*, 606 F. Supp. 2d 1361, 1365 (S.D. Fla. 2009) ("The mere fact that Florida law would effect a different result does not render a choice-of-law clause invalid; rather, the law of the alternative forum must conflict with a Florida policy interest of 'paramount' importance.") (quoting *State Farm Mut. Auto. Ins. Co. v. Roach*, 945 So. 2d 1160, 1165 (Fla. 2006)).

Here, applicable Michigan contract law does not appear to contravene any strong public policy of Florida law. Accordingly, the Court will apply Michigan law per the Requirements Agreement's choice-of-law provision.

## II. Liability

Plaintiff brings claims for breach of contract (Count I), unjust enrichment (Count II), and declaratory relief (Count III). *See* Compl. ¶¶ 20–37. The Court addresses each of these in turn.

### A. <u>Breach of Contract</u>

The Complaint sufficiently establishes Defendant's liability for breach of the Requirements Agreement. In order to assert breach of contract under Michigan law, a plaintiff must allege that "(1) there was a contract, (2) the other party breached the contract, and (3) the breach resulted in damages to the party claiming breach." *See Media One Commc'ns LLC v. Macatawa Bank Corp.*, No. 333153, 2017 WL 2989039, at *2 (Mich. Ct. App. July 13, 2017) (quotation omitted).

The Complaint alleges that the Requirements Agreement's subject matter is the sale and purchase of Refinish Products; that Defendant agreed to purchase BASF Refinish Products for all of its requirements for Refinish Products up to $349,000.00; that Defendant received $35,000.00 from BASF as consideration for Defendant's anticipated fulfillment of its obligations under the Requirements Agreement; and that if the Requirements Agreement were terminated for any reason prior to Defendant purchasing less than 1/5 of its Minimum Purchases requirement, Defendant was to refund 110% of the Contract Fulfillment Consideration to BASF. *See* Compl. ¶¶ 10–12.

The Complaint also alleges that after Defendant had purchased only $22,822.24 in BASF Refinish Products, Defendant thereby breached and terminated the Requirements Agreement. *See* Compl. ¶ 14. According to the terms of the Requirements Agreement, if the agreement were terminated for any reason before Defendant satisfied the Minimum Purchases requirement,

Defendant was required to refund to BASF the Contract Fulfillment Consideration according to the following schedule:

| Purchases | Contract Fulfillment Consideration Refund |
|---|---|
| Less than 1/5 of Minimum Purchase | 110% |
| Less than 2/5 and greater than 1/5 of Minimum Purchase | 95% |
| Less than 3/5 and greater than 2/5 of Minimum Purchase | 75% |
| Less than 4/5 and greater than 3/5 of Minimum Purchase | 55% |
| Less than 5/5 and greater than 4/5 of Minimum Purchase | 35% |
| After 5/5 of Minimum Purchase | 0% |

*See id.* ¶ 12; Cooper Decl. ¶ 6.

Defendant, however, failed and refused to pay BASF the sum of $38,500.00, which equals 110% of the $35,000.00 Contract Fulfillment Consideration. *See* Compl. ¶¶ 14–16; Cooper Decl., ¶¶ 9–10.

Accordingly, and taking the allegations in the Complaint as admitted, the Court finds that Defendant breached its obligations under the Requirements Agreement by failing to fulfill its Minimum Purchases requirement of $349,000.00 and refusing to pay the $38,500.00 to BASF, which equals 110% of the $35,000.00 Contract Fulfillment Consideration. *See* Compl. ¶¶ 14–16.

### B. Unjust Enrichment

Plaintiff has not established a claim for unjust enrichment. Under Michigan law, an unjust enrichment claim is viable only "if there is no express contract covering the same subject matter." *BASF Corp. v. R & B Custom Auto, Inc.*, No. 23-11107, 2023 WL 8039410, at *2 (E.D. Mich. Nov. 20, 2023) (quoting *Belle Isle Grill Corp. v. Detroit*, 666 N.W.2d 271, 280 (Mich Ct. App. 2003)). And although a Plaintiff may plead breach of contract and unjust enrichment claims in the alternative, such alternative pleading is generally only allowed "when there is some question of

whether a contract actually existed." *Elia Companies, LLC v. Univ. of Michigan Regents*, 966 N.W.2d 755, 764 (Mich. Ct. App. 2021), *rev'd on other grounds*, 511 Mich. 66 (2023) (citing *Keywell & Rosenfeld v. Bithell*, 657 N.W.2d 759 (Mich. Ct. App. 2002)).

Here, there is no question that the Requirements Agreement existed and was in effect at the time of the breach.  Accordingly, Plaintiff may not seek recovery on a theory of unjust enrichment in addition to its breach of contract claims.

### C.  Declaratory Judgment

A declaratory judgment would not be appropriate relief in this case.  The Declaratory Judgment Act provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  The Court has "exceptionally broad discretion in deciding whether to issue a declaratory judgment." *Organo Gold Int'l, Inc. v. Aussie Rules Marine Servs., Ltd.*, 416 F. Supp. 3d 1369, 1375 (S.D. Fla. 2019) (quoting *Otwell v. Ala. Power Co.*, 747 F.3d 1275, 1280 (11th Cir. 2014)).

"If a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before staying or dismissing the action." *Id.* (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995)).  Thus, courts "generally decline to entertain" a declaratory judgment where declaratory judgment would have "no useful purpose because the issues [are] resolved by another claim." *Id.* at 1376.

Here, the legal rights that the declaratory judgment seeks to vindicate are entirely resolved by the breach of contract claim.  Plaintiff's request for declaratory judgment seeks a judicial declaration that "the Requirements Agreement is in full force and effect, and that Defendant is in

breach of the Requirements Agreement."  Compl. ¶ 36.  But the Court has already determined that Defendant breached the Requirements Agreement in adjudicating the breach of contract claim above.  Accordingly, declaratory judgment here would serve no useful purpose because the issues are resolved by the breach of contract claim.

### III.   Damages

Having determined liability, all that remains for the Court to decide is the appropriate relief. Plaintiff contends that it is entitled to (1) 110% of the $35,000.00 Contract Fulfillment Consideration, totaling $38,500.00, as per the Contract Fulfillment Consideration schedule, plus (2) the balance of the Minimum Purchases requirement, totaling $326,177.76.

The proper remedy for a breach of contract is "to place the nonbreaching party in as good a position as if the contract had been fully performed."  *R & B Custom Auto, Inc.*, 2023 WL 8039410, at *2 (quoting *Corl v. Huron Castings, Inc.*, 450 Mich. 620, 625 (1996)).  "The party asserting a breach of contract has the burden of proving its damages with reasonable certainty, and may recover only those damages that are the direct, natural, and proximate result of the breach." *Alan Custom Homes, Inc. v. Krol*, 667 N.W.2d 379, 383 (Mich. Ct. App. 2003).

Although Plaintiff has adequately established entitlement to the unearned Contract Fulfillment Consideration, it has not demonstrated entitlement to the balance of the Minimum Purchases requirement.  Plaintiff has shown that it is entitled to a refund of the Contract Fulfillment Consideration at a rate of 110% under the Requirements Agreement.  *See* Requirements Agreement ¶ 3 (providing that Defendant shall "refund the Contract Fulfillment Consideration" at a rate of 110% should the agreement terminate for any reason prior to the expiration of the Requirements Agreement).

However, Plaintiff has neither legally nor factually established its entitlement to the balance of the Minimum Purchases requirement.  Awarding Plaintiff the balance of the Minimum Purchases requirement would leave Plaintiff better off than under the contract.  Unlike in a case of goods actually sold and delivered where the purchase price would be the most appropriate measure of damages, here, Plaintiff would receive not just the profit it would have stood to gain under the contract, but also the value of goods that it never actually delivered to Defendant.  Nor does any provision of the Requirements Agreement mandate that Defendant pay the balance of the Minimum Purchases requirement upon breach.  The Requirements Agreement did not require Defendant to purchase $349,000.00 of Refinish Products; it only required Defendant to purchase 100% of its requirements from BASF up to that amount.  Thus, Plaintiff is entitled to, "*at most . . . the profit it would have made had Plaintiff purchased the additional . . . products.*"  *BASF Corp. v. Medina Auto & Collision, Inc.*, No. 21-CV-3556(DRH)(ARL), 2022 WL 2302152, at *1 (E.D.N.Y. June 27, 2022) (emphasis in original).  But Plaintiff has not proffered any allegation, evidence, or documentation as to what that amount might be.  Accordingly, Plaintiff has not met its burden of showing entitlement to any damages award beyond the Contract Fulfillment Consideration, as provided in the Contract Fulfillment Consideration schedule.

Consistent with this holding, several courts analyzing suits by BASF to enforce nearly identical contract provisions against defaulting defendants under Michigan and other states' analogous laws have similarly held that BASF is entitled to the Contract Fulfillment Consideration under the contract, but not the balance of unpurchased goods under the Minimum Purchases requirement.  *See, e.g.*, *BASF Corp. v. Just Paint It Inc.*, No. 8:23-CV-2921-WFJ-AEP, 2024 WL 4045485, at *2 (M.D. Fla. Aug. 8, 2024) (reaching same result as to damages under Michigan law); *R & B Custom Auto, Inc.*, 2023 WL 8039410, at *2 (same); *BASF Corp. v. Medina Auto &*

*Collision, Inc.*, 2022 WL 2302152, at *1 (same); *BASF Corp. v. Savage*, No. CV ELH-19-3597, 2021 WL 1312903, at *4 (D. Md. Apr. 8, 2021) (same); *BASF Corp. v. Alpha Car Ctr., Inc.*, No. CV 20-0246 FMO (MAAx), 2021 WL 8084669, at *5 (C.D. Cal. Jan. 20, 2021) (same); *BASF Corp. v. VAG Auto Body, LLC*, No. 1:20-CV-0019 (RDA/JFA), 2020 WL 6494917, at *4 (E.D. Va. June 12, 2020), *report and recommendation adopted*, 2020 WL 6493426 (E.D. Va. Nov. 4, 2020) (same); *see also BASF Corp. v. Original Fender Mender, Inc.*, No. 23-CV-2796, 2024 WL 3740439, at *9–11 (E.D.N.Y. Aug. 10, 2024), *report and recommendation adopted* (Sept. 27, 2024), *judgment entered*, No. 23-CV-2796 (HG) (JAM), 2024 WL 4648142 (E.D.N.Y. Sept. 30, 2024) (reaching same result as to damages under analogous New York law); *BASF Corp. v. Prime Auto Collision Inc.*, No. 20-CV-4797-NGG-RLM, 2022 WL 704127, at *7–8 (E.D.N.Y. Mar. 9, 2022) (same); *BASF Corp. v. Exotic Collision Ctr., Inc.*, No. 2:18-CV-09350-RGK-SS, 2019 WL 6317772, at *5 (C.D. Cal. Apr. 11, 2019) (reaching same result as to damages under analogous California law); *BASF Corp. v. Nu-Vision, LLC*, No. 6:09-CV-894-MSS-DAB, 2010 WL 11626579, at *5 (M.D. Fla. Sept. 27, 2010) (reaching same result as to damages under analogous Florida law).

### *IV. Costs*

BASF also seeks costs totaling $605.00, which consists of process server fees and its filing fee for this matter. As Federal Rule of Civil Procedure 54 provides, BASF is entitled to its costs as the prevailing party in this matter. *See* FED. R. CIV. P. 54 ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."); *see also Acosta v. O-Live Ent., Inc.*, No. 19-25230-CIV, 2020 WL 7752771, at *6 (S.D. Fla. Sept. 4, 2020), *report and recommendation adopted*, 2020 WL 7711601 (S.D. Fla. Dec. 29, 2020) ("Plaintiffs are entitled to the costs of the action."). Because BASF is requesting

$605.00 in fees relating to filing fees and service of process expenses, this request is reasonable, permissible, and should be granted.

### CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Default Final Judgment against Defendant O&M Auto Collision, Inc., [ECF No. 13], is hereby **GRANTED in part** as follows:

1.  The Motion is **GRANTED** with respect to Count I and **DENIED** with respect to Count II and Count III.

2.  A final default judgment as to Count I will be separately entered in favor of Plaintiff BASF Corporation and against Defendant O&M Auto Collision, Inc. in conformity with this Order pursuant to Federal Rule of Civil Procedure 58.

3.  Plaintiff BASF shall recover from Defendant O&M Auto Collision **$39,105.00**, consisting of **$38,500.00** in damages and **$605.00** in costs.

4.  This judgment shall bear interest at the rate prescribed by 28 U.S.C. § 1961, and shall be enforceable as prescribed by 28 U.S.C. §§ 2001, *et seq*., 28 U.S.C. §§ 3001–3307, and Federal Rule of Civil Procedure 69(a).

5.  The Court retains jurisdiction to enforce this judgment.

**DONE AND ORDERED** in Miami, Florida, this 18th day of December, 2024.

_____

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

*Copies furnished:*  All Counsel of Record